UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEON L. BOGGS, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 24-12500-ADB |
| | * |
| BOSTON MEDICAL, | * |
| | * |
| Defendant. | * |
| | * |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

Pro se plaintiff Keon L. Boggs has filed a complaint [ECF No. 1] against "Boston Medical." Boggs has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), which is often referred to as a motion for leave to proceed *in forma pauperis*. [ECF No. 2]. For the reasons set forth below, the Court will DENY the Application and DISMISS this action without prejudice.

**I.      Filing Fee**

In question four of the Application, Boggs was required to identify the nature and amount of regular monthly expenses. In the field for this response, Boggs wrote "N/A." [Doc. No. 2 at 2]. The Court cannot glean from this response how Boggs is able to access the necessities of life, and nothing else in the Application provides this information.

In addition, Boggs did not sign the Application at the bottom of the second page. [Id.]. Signing the Application is more than a formality. As indicated in the Application, by signing the Application a litigant declares under penalty of perjury that the information therein is true and that he understands a false statement could result in dismissal of his claims. [Id.]. This perjury sanction "serves to protect the public against misuse of public funds by a litigant with adequate

funds of his own, and against the filing of 'frivolous and malicious' lawsuits funded from the public purse." Rowland v. California Men's Colony, 506 U.S. 194, 205 (1993). Accordingly, the Court DENIES the Application.

## II.     Review of the Complaint

Under the federal in forma pauperis statute, the Court may conduct a preliminary review of a complaint filed by a party who has been allowed to proceed in forma pauperis and dismiss any claim that is malicious or frivolous, fails to state a claim upon which relief may be granted, or seeks monetary damages against a party that is immune from such relief. See 28 U.S.C. § 1915(e)(2).

In addition, even where a plaintiff is not proceeding in forma pauperis, the Court has inherent authority to dismiss a frivolous action without giving prior notice to the plaintiff. See, e.g., Clorox Co. P.R. v. Proctor & Gamble Com. Co., 228 F.3d 24, 30 (1st Cir. 2000) ("There are limited exceptions to the general rule barring dismissal without notice, applicable to frivolous claims or to claims whose defects could not be cured by amendment."); Fitzgerald v. First E. Seventh St. Tenants Corp., 221, 364 n.2 (2d Cir. 2000) ("[W]to hold that district courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee."); Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 11 n.5 (1st Cir. 1985) ("We long ago recognized 'the inherent and necessary power of courts of general jurisdiction to protect members of the public from vexatious suits through an exercise of the right to dismiss frivolous proceedings.'" (quoting O'Connell v. Mason, 132 F. 245, 247 (1st Cir. 1904))). Regardless of a plaintiff's belief of the importance of his lawsuit, in legal parlance a claim is "frivolous" when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Here, Boggs's statement of his claim consists of the following phrases: "white collar crime," "hate crime," "racism," "discrimination," emotional distress," and "pain suffering." [ECF No. 1 at 4]. The complaint does not set forth any cogent theory of liability or allege any specific acts of misconduct by "Boston Medical." A pleading based solely on such vague and disconnected allegations does not have a basis in law or in fact.[1]

### III.   Conclusion

In accordance with the foregoing:

1. The Application to Proceed in District Court Without Prepaying Fees or Costs is <u>DENIED.</u>

2. This action is <u>DISMISSED</u> without prejudice as frivolous.

2. The Court certifies that any appeal of this order would not be taken in good faith for purposes of 28 U.S.C. § 1915(a)(3).[2]

IT IS SO ORDERED.

October 25, 2024                            /s/ Allison D. Burroughs
                                            ALLISON D. BURROUGHS
                                            U.S. DISTRICT JUDGE

---

[1] Prior to commencing this action, Boggs had received ample notice that claims consisting of a few vague, unintelligible, and disconnected allegations are insufficient. Between April 1, 2024 and May 28, 2024, seven such actions filed by Boggs in this Court were dismissed <u>sua sponte</u> as frivolous. See <u>Boggs v. 34 Bowdoin</u>, C.A. No. 24-10986-RGS [Doc. No. 5]; <u>Boggs v. Range Rover</u>, C.A. No. 24-10983-RGS [Doc. No. 5]; <u>Boggs v. Feds Agents</u>, C.A. No. 24-10982-ADB [Doc. No. 5]; <u>Boggs v. Fed. Reserve Bank</u>, C.A. No. 24- 10280-FDS [Doc. No. 4]; <u>Boggs v. Human Soc'y</u>, C.A. No. 24-10279-PBS [Doc. No. 4]; <u>Boggs v. U.S. Bank,</u> C.A. No. 24-10278-MJJ [Doc. No. 4]; <u>Boggs v. Snickers</u>, C.A. No. 24-10276-PBS [Doc. No. 4].

[2] Under the federal <u>in forma pauperis</u> statute, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Good faith" is demonstrated when a litigant seeks "appellate review of any issue not frivolous." <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).